UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────X  **COMPLAINT**

ANTOINETTE PRAVATO,

                                  Plaintiff,

        - against -

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, P.O. JOHN DOES 1-5, P.O.
JANE DOES 1-5, Individually and in their Official
capacities (the names John Doe and Jane Doe being
fictitious, as the true names are presently unknown),
DETECTIVE JOSEPH J. PERRY, THE KINGS COUNTY
DISTRICT ATTORNEY'S OFFICE AND CHARLES
"JOE" HYNES AND NICOLE VELEZ.

                                  Defendants.



CV13 3787

VITALIANO, J.
REYES, M.J

Plaintiff, ANTOINETTE PRAVATO, by her attorneys, CONDE & GLASER, LLP, complaining of the defendants herein upon information and belief, respectfully shows to this Court, and alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF

1. That at all times hereinafter mentioned, the Plaintiff, ANTOINETTE PRAVATO, is and was a resident of the County of Kings, City and State of New York.

2. That at all times hereinafter mentioned, the Defendant, NICOLE VELEZ, is and was a resident of the County of Kings, City and State of New York.

3. That at all times hereinafter mentioned, the Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

4. That at all times hereinafter mentioned, the Defendant, the City of New York, maintains the Defendant, the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police

department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

5. That at all times hereinafter mentioned, the unidentified police officers (hereinafter referred to as Police Officers "JOHN DOE" #1-5), were police officers and duly sworn New York City Police Department employees and were acting under the supervision of said department and according to their official duties.

6. That at all times hereinafter mentioned, the unidentified police officers (hereinafter referred to as Police Officers "JANE DOE" #1-5), were police officers and duly sworn New York City Police Department employees and were acting under the supervision of said department and according to their official duties.

7. That at all times hereinafter mentioned, the Defendant, DETECTIVE JOSEPH J. PERRY, was a detective and duly sworn New York City Police Department employee and was acting under the supervision of said department and according to his official duties.

8. That at all times hereinafter mentioned, the Defendant, the City of New York, maintains the Defendant, the Kings County District Attorney's Office, a duly authorized public authority and/or police department, authorized to perform all functions of a district attorney's office as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. That at all times hereinafter mentioned, the Defendant, Charles "Joe" Hynes, was a District Attorney of Kings County and was acting under the supervision of

said department and according to his official duties.

10. That at all times hereinafter mentioned, the above-referenced defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. That at all times hereinafter mentioned, each and all of the facts of the above-referenced defendants employed by the New York City Police Department, as alleged herein, were done by said defendants while acting within the scope of their employment with the defendant, City of New York.

12. That at all times hereinafter mentioned, each and all of the facts of the above-referenced to defendant, Charles "Joe" Hynes, the Kings County District Attorney, as alleged herein, were done by said defendant while acting within the scope of his employment with the defendant, the Kings County District Attorney's Office.

13. That at all times hereinafter mentioned, each and all of the acts of the above-referenced defendants alleged herein were done by said defendants while acting in furtherance of their employment by the defendant, City of New York.

14. That prior to the date hereto, on or about the dates of June 24, 2011 and June 27, 2011, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time and place where the damages were sustained, together with the plaintiff's demands for adjustment or payment thereof, were respectfully served upon the KINGS COUNTY DISTRICT ATTORNEY'S OFFICE and the CITY OF NEW YORK, and thereafter the CITY OF NEW YORK and the KINGS COUNTY DISTRICT ATTORNEY'S OFFICE refused or neglected to make any adjustment or payment

thereof, and that thereafter for more than (30) thirty days and up to the commencement of this action to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

15. That subsequent to serve of the notice of claim the aforesaid defendants failed to request a hearing pursuant to section 50h of the General Municipal Law, and as such waived their rights to such a hearing.

16. That on or about September 20, 2010 and December 11, 2010, and at all times hereinafter mentioned, the Plaintiff, ANTOINETTE PRAVATO, was knowingly and intentionally falsely arrested by or due to the conduct of Defendant police officers, DETECTIVE JOSEPH J. PERRY, and/or other police officers employed by the NEW YORK CITY POLICE DEPARTMENT, while acting within the scope of their duties.

17. That on or about September 20, 2010 and December 11, 2010, and at all times hereinafter mentioned, the Plaintiff, ANTOINETTE PRAVATO, was knowingly and intentionally imprisoned by or due to the conduct Defendant police officers, DETECTIVE JOSEPH J. PERRY, and/or other police officers employed by the NEW YORK CITY POLICE DEPARTMENT, while acting within the scope of their duties.

18. That on or about September 20, 2010 and December 11, 2010, and at all times hereinafter mentioned, the Plaintiff, ANTOINETTE PRAVATO, was knowingly and intentionally deprived of her Due Process rights granted under the fifth and fourteenth amendments of the United States Constitution by or due to the conduct of Defendant police officers, DETECTIVE JOSEPH J. PERRY, and/or other police officers employed by the NEW YORK CITY POLICE DEPARTMENT, while acting within the scope of their duties.

19. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, emotional distress, embarrassment and humiliation, and deprivation of her constitutional rights.

20. The Defendants, P.O. JOHN DOES 1-5 AND P.O JANE DOES 1-5, arrested and incarcerated the plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize the Plaintiff's liberty, well-being, safety and constitutional rights.

21. That the acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

22. That the acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

    a. arresting innocent persons notwithstanding marked contradictions in the description of events by witnesses;

    b. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing;

    c. arresting innocent persons notwithstanding the existence of evidence which raises significant doubts as to the reliability and/or veracity of the complaining witness;

    d. subjecting innocent persons to police process which fails to

conform to fundamental standards of due process as recognized by other jurisdictions throughout the United States;

e. subjecting innocent persons to arrest and prosecution based solely on the statements of non-credible witnesses, without any independent evidence of criminal wrongdoing.

23. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Fred Davis v. City of New York,** United States District Court, Southern District of New York, 00 CV 0387;

- **Peter Stomer v. City of New York,** United States District Court, Southern District of New York, 00 CV 5514;

- **Long Kin Thong v. City of New York,** United States District Court, Eastern District of New York, 03 CV 6528;

- **Curtis Djomambo v. City of New York,** United States District Court, Southern District of New York, 03 CV 10314;

- **Lenny Abreu v. City of New York,** United States District Court, Southern District of New York, 04 CV 01721;

- **Miguel Camacho v. City of New York,** Supreme Court of the State of New York, Bronx County, Index No. 26459/01;

- **Troy Mulrain v. City of New York,** Supreme Court of the State of New York, Bronx County, Index No. 14089/01.

24. The existence of customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of the Plaintiff.

25. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by the Plaintiff, as alleged

herein.

26. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by the Plaintiff, as alleged herein.

27. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, the Plaintiff was falsely arrested and incarcerated.

28. The Defendants, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, P.O. JOHN DOES 1-5, P.O. JANE DOES 1-5, DETECTIVE JOSEPH J. PERRY, THE KINGS COUNTY DISTRICT ATTORNEY'S OFFICE AND CHARLES "JOE" HYNES, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of the Plaintiff.

29. The Defendants, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, P.O. JOHN DOES 1-5, P.O. JANE DOES 1-5, DETECTIVE JOSEPH J. PERRY, THE KINGS COUNTY DISTRICT ATTORNEY'S OFFICE AND CHARLES "JOE" HYNES, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of the Plaintiff's constitutional rights.

30. All of the foregoing acts by defendants deprived the Plaintiff of federally protected rights, including, but not limited to, the right:

    i. Not to be deprived of liberty without due process of law;

    ii. To be free from seizure and arrest not based upon probable cause;

    iii.  To be free from unwarranted and malicious criminal prosecution;

    iv.  Not to have cruel and unusual punishment imposed upon her; and

    v.  To receive equal protection under the law.

31. That as a result of the foregoing false arrest, imprisonment and deprivation of Constitutional rights committed upon the Plaintiff, ANTOINETTE PRAVATO, by the Defendants, this plaintiff sustained mental anguish, embarrassment, and other mental trauma.

32. That by reason of the foregoing and the negligence of the said defendants, this plaintiff, ANTOINETTE PRAVATO, is informed and verily believes her aforesaid injuries are permanent and that she will permanently suffer from the effects of the aforesaid injuries; and that furthermore, plaintiff will be caused to suffer permanent embarrassment as a result of the aforesaid injuries.

33. That by reason of the wrongful, negligent and unlawful actions of the defendants, as aforesaid, the plaintiff, ANTOINETTE PRAVATO, sustained serious, severe, and permanent mental anguish, embarrassment, trauma and other mental injuries, and still suffers and will continue to suffer for some time, great mental pain.

34. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum exceeding the jurisdiction of all courts lower than the Supreme Court that would otherwise have jurisdiction on the first cause of action.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF: DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

37. All of the aforementioned acts deprived plaintiff ANTOINETTE PRAVATO of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

38. The acts complained of were carried out by the aforementioned individual defendants, P.O JOHN DOES 1-5 and P.O. JANE DOES 1-5 and/or DETECTIVE JOSEPH J. PERRY, in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

39. The acts complained of were carried out by the aforementioned individual defendants, P.O JOHN DOES 1-5 and P.O. JANE DOES 1-5 and/or DETECTIVE JOSEPH J. PERRY, in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

40. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

41. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum exceeding the jurisdiction of all courts lower than the Supreme Court on the second cause of action.

## AS AND FOR A THIRD CLAIM CAUSE OF ACTION ON BEHALF OF PLAINTIFF: FALSE ARREST UNDER 42 U.S.C. § 1983

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. As a result of defendants' aforementioned conduct, plaintiff ANTOINETTE PRAVATO, was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated, and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

44. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, emotional distress, embarrassment and humiliation and deprivation of her constitutional rights.

45. That based on the foregoing, the Plaintiff Demands an amount in excess of the jurisdiction of all courts lower than the Supreme Court that would otherwise have jurisdiction on the third cause of action.

## AS AND FOR A FOURTH CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF: MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff, ANTOINETTE PRAVATO.

48. Defendants lacked probable cause to initiate criminal proceedings against

plaintiff ANTOINETTE PRAVATO.

49. Defendants acted with malice in initiating criminal proceedings against plaintiff ANTOINETTE PRAVATO.

50. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff ANTOINETTE PRAVATO.

51. Defendants lacked probable cause to continue criminal proceedings against plaintiff ANTOINETTE PRAVATO.

52. Defendants acted with malice in continuing criminal proceedings against plaintiff ANTOINETTE PRAVATO.

53. Notwithstanding the misconduct of defendants, the criminal proceedings against the Plaintiff, ANTIONETTE PRAVATO, was or is expected to be dropped by the Kings County District Attorney's Office.

54. As a result of the foregoing, plaintiff ANTOINETTE PRAVATO sustained, *inter alia*, loss of liberty, emotional distress, embarrassment and humiliation, and deprivation of her constitutional rights.

55. That based on the foregoing, the Plaintiff Demands an amount in excess of the jurisdiction of all courts lower than the Supreme Court on the fourth cause of action.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C.§ 1983

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "55" with the same force and effect as if fully set forth herein.

57. Defendants, P.O JOHN DOES 1-5 and P.O. JANE DOES 1-5 and/or

DETECTIVE JOSEPH J. PERRY, issued legal process to place plaintiff, ANTOINETTE PRAVATO under arrest.

58. Defendants, P.O JOHN DOES 1-5 and P.O. JANE DOES 1-5 and/or DETECTIVE JOSEPH J. PERRY, arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

59. Defendants, P.O JOHN DOES 1-5 and P.O. JANE DOES 1-5 and/or DETECTIVE JOSEPH J. PERRY, acted with intent to do harm to plaintiff ANTOINETTE PRAVATO, without excuse or justification.

60. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, emotional distress, embarrassment and humiliation, and deprivation of her constitutional rights.

61. That based on the foregoing, the Plaintiff Demands an amount in excess of the jurisdiction of all courts lower than the Supreme Court on the fifth cause of action.

### AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983

62. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through 61" as if the same were more fully set forth at length herein.

63. Defendants created false evidence against plaintiff ANTOINETTE PRAVATO.

64. Defendants forwarded false evidence and false information to prosecutors in the Kings County District Attorney's office.

65. Defendants misled the prosecutors by creating false evidence against

plaintiff, ANTOINETTE PRAVATO and thereafter providing false information and reports throughout the criminal proceedings.

66. That based on the foregoing, the Plaintiff Demands an amount in excess of the jurisdiction of all courts lower than the Supreme Court on the sixth cause of action.

### AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: MUNICIPAL LIABILITY

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "66" as if the same were more fully set forth at length herein.

68. Defendants, P.O JOHN DOES 1-5 and P.O. JANE DOES 1-5 and/or DETECTIVE JOSEPH J. PERRY, arrested and incarcerated plaintiff ANTOINETTE PRAVATO in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

69. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

70. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

The aforementioned customs, policies, usages, practices, procedures and rules

of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

(a) Arresting, attacking, assaulting, and battering an innocent person notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing;

(b) Arresting, attacking, assaulting, and battering an innocent person notwithstanding the existence of evidence which raises significant doubts as to the reliability and/or veracity of the complaining witness;

(c) Subjecting an innocent person to arrest which fails to conform to fundamental standards of due process as recognized by other jurisdictions throughout the United States;

(d) Subjecting an innocent person to arrest and prosecution based solely on an identification lacking credibility without any independent evidence of criminal wrongdoing.

The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Fred Davis v. City of New York**, United States District Court, Southern District of New York, 00 CV 0387;

- **Peter Stomer v. City of New York**, United States District Court, Southern District of New York, 00 CV 5514;

- **Long Kin Thong v. City of New York**, United States District Court, Eastern District of New York, 03 CV 6528;

- **Curtis Djomambo v. City of New York**, United States District Court, Southern District of New York, 03 CV 10314;

- **Lenny Abreu v. City of New York**, United States District Court, Southern District of New York, 04 CV 01721;

- **Miguel Camacho v. City of New York**, Supreme Court of the State of New York, Bronx County, Index No. 26459/01;

- **Troy Mulrain v. City of New York**, Supreme Court of the State of

New York, Bronx County, Index No. 14089/01.

71. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff ANTOINETTE PRAVATO.

72. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ANTIONETTE PRAVATO as alleged herein.

73. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff ANTOINETTE PRAVATO as alleged herein.

74. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff ANTOINETTE PRAVATO was falsely arrested wrongfully prosecuted, deprived of her civil and constitutional rights and incarcerated on September 20, 2010 and December 11, 2010.

75. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff ANTOINETTE PRAVATO.

76. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers,

and were directly responsible for the violation of plaintiff ANTOINETTE PRAVATO's constitutional rights.

77. All of the foregoing acts by defendants deprived plaintiff ANTOINETTE PRAVATO of federally protected rights, including, but not limited to, the right:

    i. Not to be deprived of liberty without due process of law;

    ii. To be free from seizure and arrest not based upon probable cause;

    iii. To be free from unwarranted and malicious criminal prosecution;

    iv. Not to have cruel and unusual punishment imposed upon her; and

    v. To receive equal protection under the law.

78. That based on the foregoing, the Plaintiff Demands an amount in excess of the jurisdiction of all courts lower than the Supreme Court on the seventh cause of action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF: PENDENT STATE LAW CLAIMS

79. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "78" as if the same were more fully set forth at length herein.

80. The Plaintiff brings this pendent state law claim against the Defendants, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, P.O. JOHN DOES 1-5, P.O. JANE DOES 1-5, DETECTIVE JOSEPH J. PERRY, THE KINGS COUNTY DISTRICT ATTORNEY'S OFFICE AND CHARLES "JOE" HYNES AND NICOLE VELEZ, for being falsely arrested, wrongfully prosecuted, deprivation of her civil and constitutional rights and incarceration, in addition to making false, misleading and malicious allegations leading to the arrest of the Plaintiff.

81. That the foregoing false arrest, wrongful prosecution, deprivation of plaintiff's civil and constitutional rights, incarceration, and the making of false, misleading and malicious allegations leading to the arrest of Plaintiff by the Defendants, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, P.O. JOHN DOES 1-5, P.O. JANE DOES 1-5, DETECTIVE JOSEPH J. PERRY, THE KINGS COUNTY DISTRICT ATTORNEY'S OFFICE AND CHARLES "JOE" HYNES AND NICOLE VELEZ, occurred due to their actual malice toward the Plaintiff, ANTOINETTE PRAVATO.

82. That the foregoing false and misleading charges made by the Defendant, NICOLE VELEZ, against the Plaintiff occurred due to her actual malice toward the Plaintiff, ANTOINETTE PRAVATO.

83. That due to the allegations brought by the Defendant, NICOLE VELEZ, the Plaintiff, ANTOINETTE PRAVATO, was harmed by being falsely accused and arrested, suffering embarrassment, humiliation, as well as the loss of her position and good name among her peers.

84. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum exceeding the jurisdiction of all courts lower than the Supreme Court.

**WHEREFORE**, the Plaintiff, *ANTOINETTE PRAVATO,* demands judgment in a sum exceeding the jurisdiction of all courts lower than the Supreme Court that would otherwise have jurisdiction, in addition to punitive damages, plus attorney's fees, costs, and disbursements of this action.

DATED:    New York, New York
          July 5th, 2013

Yours, etc.,

*[signature: Ezra B. Glaser]*

BY: **EZRA B. GLASER, Esq.**
**Conde & Glaser, LLP**
Attorneys for the Plaintiff
**ANTOINETTE PRAVATO**
305 Broadway (Suite 801)
New York, New York 10007
Phone: (212) 385-9300

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK     )

I, EZRA B. GLASER, the undersigned, an attorney admitted to practice law in the Courts of the State of New York, do state under penalty of perjury that I am the attorney for the plaintiff in the within action; that I have read the foregoing VERIFIED COMPLAINT and know the contents thereof; that the same is true to my own knowledge, except as to those matters that I believe to be true. The reason this verification is being made by me and not by my clients is that my clients are not presently within the county wherein I maintain my offices, and do not reside in the county wherein I maintain my office. The grounds of my belief as to all matters are stated upon my own knowledge based on the investigative materials in my file and the investigation conducted by my office.

Dated:      New York, New York
            July 5th, 2013

_____
**EZRA B. GLASER, Esq.**
**Conde & Glaser, LLP**
Attorneys for the Plaintiff
**ANTOINETTE PRAVATO**
305 Broadway (Suite 801)
New York, New York 10007
Phone: (212) 385-9300